IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                        Case No. 5:11cv326/RS/CJK

JUDY GRACE SELLERS,
    Defendant.
_____

## REPORT AND RECOMMENDATION

The United States has brought this action for injunctive relief against Judy Grace Sellers ("Sellers") under 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402(a) and 7408. (Doc. 5). The United States seeks to enjoin Sellers from engaging in, and from assisting others in engaging in, conduct that allegedly abuses the federal income tax system and promotes a fraudulent and frivolous tax scheme. (*Id*.). Sellers' amended answer to plaintiff's amended complaint asserts counterclaims against the United States, as well as third party-claims against plaintiff's counsel (Department of Justice attorneys Pamela Marsh and Miranda Bureau). (Doc. 9). Plaintiff moves to dismiss Sellers' counterclaims (and any official capacity claims against Marsh and Bureau) for lack of subject matter jurisdiction based on sovereign immunity. (Doc. 11, pp. 3-4). Plaintiff moves to dismiss Sellers' third-party individual capacity claims against Marsh and Bureau for lack of subject matter jurisdiction. (*Id*., pp. 4-5). Sellers opposes plaintiff's motion (doc. 13) and moves

to dismiss plaintiff's amended complaint on various grounds. (Doc. 16).[1] Plaintiff opposes Sellers' motion. (Doc. 21). Each motion will be addressed in turn.

<u>Plaintiff's Motion to Dismiss Sellers' Counterclaims and Third-Party Complaint</u>

Sellers' counterclaims assert that "[i]t is obvious beyond all reason" that the United States, Marsh and Bureau "are in violation of Federal False Claims Act and breech of national bankruptcy as JUDY GRACE SELLERS is a vessel of the UNITED STATES which is involved in an ongoing Chapter 11 bankruptcy." (Doc. 9, pp. 26-27 ¶ 22). Sellers further claims:

> For Plaintiff's Attorneys to pretend that JUDY GRACE SELLERS, a fictitious defendant, and Judy-Grace: Sellers, a living breathing sentient being, are one in the same, or for Plaintiff to claim that Judy-Grace: Sellers, a living breathing sentient being, has caused injury to the UNITED STATES OF AMERICA, a fictitious plaintiff, is pure folly. Note the following: Federal Rules of Civil procedure, IV PARTIES, Rule 17(a)(1) An action must be prosecuted in the name of the real party in interest.
>
> . . . .
>
> Judy-Grace: Sellers, a woman, is not now nor ever, the surety for JUDY GRACE SELLERS, or any derivatives thereof. To attempt to attach Judy-Grace: Sellers, or any derivatives thereof, as JUDY GRACE SELLERS, a fictitious entity, is a notorious tort by Plaintiff and Plaintiff's attorneys upon Judy-Grace: Sellers, the real party in interest.
>
> Marsh and Bureau have created a vexatious law suit against JUDY GRACE SELLERS, a fictitious Defendant, in an apparent attempt to convert Judy-Grace: Sellers, the real woman, as surety for the fiction

---

[1] Sellers' pleading is titled, "Petition in the Nature of a Motion to Dismiss Plaintiffs Complaint" and "Petition in the Nature of a Motion for Default Judgement [sic] on 3rd Party Plaintiffs Counterclaim." (Doc. 16). Sellers' motion for default judgment was denied by previous order. (Doc. 17).

*Case No: 5:11cv326/RS/CJK*

> Defendant, thereby subjecting the real woman to what would amount to "involuntary servitude".
>
> Attorneys for the fictitious plaintiff, UNITED STATES OF AMERICA, are committing scienter acts in bad faith and fraud, and are causing willful and wanton irreparable harm, and continuous torts against Judy-Grace: Sellers.

(Doc. 9, p. 26 ¶ 16, p. 27 ¶¶ 25-27). To support these claims, Sellers makes unsupported assertions in her amended answer and counterclaim, that the United States of America does not exist and is a fictitious name (doc. 9, pp. 3, 25); that JUDY GRACE SELLERS (defendant Sellers' name typed in capital letters) is an entity separate from the "living breathing sentient being" Judy-Grace: Sellers and does not exist (*id*., pp. 3, 24); that Judy-Grace: Sellers is not a U.S. citizen, a Florida resident, "or any other legal fiction" (*id*., p. 24); that neither this case, nor plaintiff's complaint, exists (*id*., pp. 3-4); that the laws under which this case was brought do not exist (*id*., pp. 4, 12-17); that the United States has caused "fraud upon the Court and tax payers of this state" (*id*., p. 19); and that plaintiff was required to, and has failed to state a claim under, "the protocols of admiralty jurisdiction," (*id*., p. 19). Sellers seek money damages on her counterclaims and third-party claims in the amount of $306,505.00, which Sellers calculated "according to the formula in the Old Testament of the Holy Bible." (*Id*., p. 28 ¶ 29). This amount is comprised of "Seizure and injury of, private and intellectual, property" ($25,000.00), "Two + years retention and misuse of private/intellectual property" ($50,000.00), "Plus 3 times punitive" ($225,000.00) and "personal time" for court document preparation, mail, etc. ($6,505.00). (*Id*.).

Plaintiff argues that Sellers fails to put forth a jurisdictional basis for her claims, that Sellers fails to make any showing that she has a cause of action against

the United States, and that the United States is immune from Sellers' damages suit. (Doc. 11, p. 4).

The United States, as sovereign, is immune from suit unless it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S. Ct. 1349, 1351, 63 L. Ed. 2d 607 (1980). "A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *Mitchell*, 445 U.S. at 538, 100 S. Ct. 1349 (*quoting United States v. King*, 395 U.S. 1, 4, 89 S. Ct. 1501, 1503, 23 L. Ed. 2d 52 (1969)). In the absence of clear congressional consent, this Court lacks the power to entertain a suit against the United States. *Mitchell*, 445 U.S. at 538, 100 S. Ct. 1349; *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature."). A suit against an official of the federal government in the official's official capacity is considered a suit against the United States. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). A person attempting to sue the United States or a federal officer in her official capacity, must demonstrate that the claim being asserted is covered by a specific statutory authorization to sue the United States. *See* 14 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3655 (3d ed.).

Sellers' has not demonstrated that her claims of fraud, a "notorious tort" and "unlawful acts" are covered by a specific statutory authorization to sue the United States. Sellers references the "Federal False Claims Act;" however, the primary purpose of the False Claims Act (FCA) is to indemnify <u>the government</u> against losses caused by a defendant's fraud. *See* 31 U.S.C. § 3729 (providing that a person who knowingly presents a false or fraudulent claim for payment by the federal government may be liable for civil penalties and damages); *U.S. ex rel. Marcus v. Hess*, 317 U.S. 537, 549, 551-52, 63 S. Ct. 379, 87 L. Ed. 443 (1943) (explaining that the purpose of

the False Claims Act is "to provide for restitution to the government of money taken from it by fraud."). The FCA does not authorize a suit for damages <u>against</u> the United States. Sellers' reference to the United States as having committed a "notorious tort" by "attempt[ing] to attach Judy-Grace: Sellers . . . as JUDY GRACE SELLERS," also fails to identify specific statutory authorization to sue the United States. Sellers' damages claims against the United States should be dismissed for lack of jurisdiction based on sovereign immunity.

Sellers' remaining claims are against Marsh and Bureau individually. Sellers appears to assert claims of "obstruction of national bankruptcy," and fraud arising from Marsh and Bureau's representation of the United States in this action. (Doc. 9, pp. 18, 25-27; Doc. 13, p. 10 (asserting that Marsh and Bureau "damaged [Sellers] financially, socially, and emotionally as a direct result of the alleged attorneys pattern of acts against defendant, JUDY GRACE SELLERS.")). Plaintiff argues that Sellers' third-party complaint should be dismissed for lack of subject matter jurisdiction. Federal Rule of Civil Procedure 14 allows a defendant to bring a third party into the lawsuit only if the nonparty "is or may be liable to [the defendant] for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). A claim under Rule 14(a) must depend, at least in part, upon the resolution of the primary lawsuit. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 376, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). Independent claims are not properly asserted in a third-party complaint. *See United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749 (5th Cir. 1967). Here, the United States seeks an injunction against Sellers for allegedly preparing documents related to, and promoting, a fraudulent and frivolous tax scheme. Counsel for the government cannot be liable to Sellers on account of the injunction the United States seeks against Sellers. Sellers' independent claims against Marsh and Bureau are not

properly asserted in a third-party complaint. Pamela Marsh and Miranda Bureau may not be brought into this action as third-party defendants under Rule 14(a), and Sellers' third-party complaint must be dismissed.

<u>Sellers' Motion to Dismiss Plaintiff's Complaint</u>

Sellers moves to dismiss plaintiff's amended complaint on various grounds. First, Sellers contends the complaint should be dismissed under Florida Rule of Civil Procedure 1.110, because plaintiff has "failed to successfully rebut point for point . . . and have thereby agreed in full that all the affidavits and negative averments of Judy-Grace: Sellers stand as the truth, this matter now being *stare decisis* and *res judicata*, and thusly creates estoppels against said parties." (Doc. 16, p. 3). Sellers also argues that dismissal is mandated because plaintiff's complaint is not supported by "an affidavit from Plaintiff or by a Real Party in Interest." (*Id*.). Sellers' arguments should be rejected. There is no federal rule or judicial principle requiring a plaintiff, at the initial pleading stage, to deny a defendant's anticipated "averments" or to support the complaint with an affidavit. *See* Fed. R. Civ. P. 8 (setting forth pleading requirements).

Sellers further argues, relying on Federal Rule of Civil Procedure 17(a), that the complaint should be dismissed for failure to state a claim, because "[t]here is no real party in interest, therefore there is no valid claim/verified injury, and no cause of action." (Doc. 16, p. 4 (citing to Doc. 9, p. 26 ¶ 17)). Sellers' contention is based on the frivolous assertion that the United States of America does not exist and is a fictitious party. "The phrase, 'real party in interest,' is a term of art utilized in federal law to refer to an actor with a substantive right whose interests may be represented in litigation by another." *U.S. ex. rel. Eisenstein v. City of New York, N.Y.*, 556 U.S. 928, 934-35, 129 S. Ct. 2230, (2009); Black's Law Dictionary 1154 (8th ed. 2004)

(defining a "real party in interest" as "[a] person entitled under the substantive law to enforce the right sued upon and who generally . . . benefits from the action's final outcome"). Sellers' argument is without merit. Section 7408 authorizes a civil action to be brought in the name of the United States to enjoin the conduct alleged in plaintiff's complaint. 26 U.S.C. § 7408. The United States is the named plaintiff in this action and is the real party in interest.

Sellers further argues that plaintiff's complaint is a "sham" pleading based on fraud, and that this Court lacks subject matter jurisdiction for that reason and for all other reasons discussed previously. (Doc. 16, pp. 4-5). Sellers' bald assertions of fraud have no factual or legal support and provide no basis to dismiss plaintiff's amended complaint.

Accordingly, it is respectfully RECOMMENDED:

1.  That plaintiff's motion to dismiss (doc. 11) be GRANTED.

2.  That defendant Sellers' counterclaims against the United States of America be DISMISSED.

3.  That defendant Sellers' third-party complaint and third-party claims against Pamela Marsh and Miranda Bureau be DISMISSED.

4.  That defendant Sellers' motion to dismiss (doc. 16) be DENIED.

At Pensacola, Florida this 2nd day of May, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).